**FILED**

UNITED STATES DISTRICT COURT 2006 OCT 19  PM 12: 55
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

In re:

Attorney Grievance Matter concerning
Attorney Juan Gautier,

        Respondent.

                                   Case No. 6:06-mc-57-ORL-19

## ORDER

On October 3, 2006, this case came for a hearing before a Panel of three Judges of this Court, pursuant to Local Rule 2.04(e)(2) and the Order to Juan Gautier to Show Cause (Doc. S-4). The Special Grievance Prosecutor, A. Brian Phillips, Esq., was present as was the Respondent. The record of the hearing, including both the transcript and the exhibits, are incorporated by reference.

Upon being given the opportunity to be heard, Respondent chose not to contest the allegations of ethical misconduct alleged in the Petition for Order to Show Cause (Doc. S-3). The Court therefore adjudicated Respondent to be in violation of Rules 4-1.1, 4-3.2 and 4-8.4 of the Rules Regulating the Florida Bar and deemed those violations to be so serious that Respondent was immediately suspended from membership in the Bar of this Court, with this Opinion to follow.

Having now had the opportunity to finalize the remedial steps which need to be taken to protect Respondent's clients who have cases pending in this Court, **the Court hereby Orders** as follows:

7

1.      Respondent Juan Gautier is suspended as a member of the Bar of this Court until further Order of this Court. The Clerk shall take the appropriate actions to implement this decision.   As discussed at the hearing, if, no later than   **November 3, 2006**, Respondent voluntarily resigns his membership in the Bar of this Court and on his stipulation to the Panel of Judges that he will not reapply for membership for three (3) years time from the date of this Order, the Court will permit him to do so.

2.      The Court hereby appoints Sarah H. Bohr, Esquire, as Inventory Attorney for all cases (estimated to be 49) in which Respondent is currently listed as counsel of record in this Court ("federal cases"). The Inventory Attorney will immediately take possession of the files of all of Respondent's federal cases, catalog them, and take steps to protect the interests of Respondent's clients by seeking appropriate extensions of time and otherwise ensuring, to the extent possible, that the clients receive proper representation. Respondent must provide prompt and complete cooperation with the Inventory Attorney. The Inventory Attorney may choose to personally assume representation of Respondent's federal clients or she may secure representation by other counsel, or a combination of both, so long as the clients' interests are protected. The Inventory Attorney shall notify the presiding Judge in any case in which an attorney has not been found for a client within thirty (30) days time from the date of this Order. Notices of appearance by successor counsel in the federal cases should be filed as soon as possible. The Court requests that the Judges presiding in these cases be as accommodating as possible to successor counsel. No later than **December 15, 2006**, the Inventory Attorney should file in this proceeding a report notifying the Court that all clients have been protected.

2

3.    For those federal cases assumed by successor counsel which result in an award of attorney's fees and costs and in which Respondent has spent significant time, the presiding Judge is authorized (but not required) to make an equitable division of attorney's fees and costs between Respondent and successor counsel.   The completeness of Respondent's cooperation with the Inventory Attorney, as required in Paragraph 2, is a factor in Respondent's ultimate entitlement to any fees.

4.    This Order will be made public and will be distributed to all District and Magistrate Judges of this Court.   The Clerk will place a copy of this Order in each of Respondent's federal cases.   Respondent is required to forthwith notify each client in the federal cases of the Court's action.   The Inventory Attorney will, as soon as possible, notify each affected client in writing of the effort to locate a new attorney who will be representing such client and that the client has the right to decline the new counsel and retain a different attorney if the client so chooses.

**DONE AND ORDERED** at Orlando, Florida this 19th day of October, 2006.

PATRICIA C. FAWSETT
Chief United States District Judge

JAMES D. WHITTEMORE
United States District Judge

TIMOTHY J. CORRIGAN
United States District Judge

Copies:

All District and Magistrate Judges
A. Brian Phillips, Esq.
Juan C. Gautier, Esq.
Sheryl L. Loesch, Clerk of Court
Division Managers, Orlando, Ocala, Tampa Divisions
Sarah H. Bohr, Esq.